THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PURO CRUZ DE LEÓN, Defendant and Appellant.

No. 7064. Argued June 1, 1938.—Decided July 13, 1938.

*Miguel Santoni Ledesma* and *Armindo Cadilla Ginorio* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The complaint filed against Puro Cruz de León in the Municipal Court of Arecibo reads as follows:

" . . . I file this complaint against Puro Cruz de León for the offense of violation of sections 2 and 4 of Act No. 25 of July 17, 1935, dealing with *Bolita* and *Boli-Pool,* committed in the following manner: That on April 14, 1937, at 2 p. m., in the house of Manuel Nieves at 48 Cristobal Colón Street, Arecibo, P. R., in the Municipal Judicial District of Arecibo, P. R., which forms part of the Judicial District of Arecibo, P. R., the said defendant, then and there, unlawfully, maliciously, and wilfully had in circulation and manipulated the unlawful gaming business of a clandestine 'pool' with clandestine combinations connected with the horse races which were to be held and which were held at the Quintana Race Track, on April 14, 1937, being in possession of office material, notebooks, and implements, with knowledge that the same are used and are being used for the unlawful games of clandestine combinations connected with the 'Pool' of the race tracks of Puerto Rico. The defendant was also employing Rafael Nin, Francisco Duprey, Tomás Peraza Morales and Juan Rodríguez, Jr., as typists in one of the rooms of Manuel Nieves' house on the upper floor of 48 Cristobal Colón Street, and under the direction of the defendant they typed lists of the horses played in each of the clandestine combinations played for the horse races which were to be held and which were held at the Quintana Race Track in Hato Rey, Río Piedras, P. R., on April 14, 1937. Four typewriters were seized: Portable Underwood No. 4B78430, Remington No. RA60860, Oliver No. 11, and an unnumbered rebuilt Underwood, thirty-five (35) lists, 17 notebooks,

100 sheets of long carbon paper, 200 sheets of blank tissue paper, 2 cardboard files, and an official program of the Quintana Race Track for the races of April 14, 1937, in Puerto Rico, which are placed at the disposal of the Court.''

The judgment rendered by the District Court of Arecibo on appeal reads as follows:

''Today in open court this case was called for trial according to its place on the calendar, the District Attorney representing the People of Puerto Rico and Attorney Armindo Cadilla Ginorio representing the defendant, Puro Cruz de León.

''After the complaint was read to the defendant he entered a plea of not guilty, whereupon the evidence was heard. This court, on the basis of the evidence, finds the defendant guilty of a violation of the *Bolita* Act and sentences him to two months in jail and payment of the costs.''

The appellant contends in his brief that the information does not state facts sufficient to constitute a public offense, and that the judgment is null and void because it fails to specify either the act or the section of the act for the violation of which he was convicted.

Section 4 of Act No. 25, approved on July 17, 1935 (Session Laws (2), p. 152), provides:

''Section 4.—Every person caught carrying or conveying any slip of paper, note, ticket, notebook, list of numbers, or implements, knowing that the same are used for the illegal games of '*bolita*,' '*boli-pool*,' clandestine combinations related to the pools of the hippodromes of Puerto Rico, and clandestine lotteries; and every person who buys them or any other similar ones which are proved to represent any ticket, chance, share, or interest in said illegal games or connected with the playing thereof, shall be immediately arrested, the corresponding complaint to be made before the proper municipal court, and upon conviction, he shall be punished . . . . and every owner, proxy, agent, person in charge, director, or manager of the games prohibited by this Act shall, upon conviction, be punished . . . ''

The ground for the demurrer is that the complaint does not ''allege that the defendant was caught in the act of carrying or conveying any slip of paper, note, ticket, notebook,

list of numbers or implements'', or that ''he was the owner, proxy, agent, person in charge, director, or manager of the business or game in question.''

It is true that the complaint is not a model of perfection, but that was not to be expected. They are not, as are informations, drawn up by attorneys but by persons who are unfamiliar with legal matters. It is for this reason that the cases have drawn a proper distinction between the two documents.

''We have heretofore repeatedly held that the rules governing indictments and informations will not be rigidly enforced when invoked as applicable to an ordinary complaint.'' *People* v. *Cintrón*, 52 P.R.R. 322.

''To manipulate,'' in one of its acceptions, means: ''To manage a business according to one's own methods, or to mix in that of others.'' Dictionary of the Spanish Language, 16th edition. And since it is alleged in the complaint that the defendant ''had in circulation and *manipulated* the unlawful gaming business of a clandestine 'pool' with clandestine numbers'' etc., and in addition that ''under the *direction* of the defendant they typed lists of the horses played in each of the clandestine combinations played,'' we are of the opinion that these allegations clearly and sufficiently describe the public offense with which the defendant is charged.

██ The judgment is not a model of perfection either. The act violated is cited by the name under which it is popularly known and not by the name under which it was enacted. It suffers from the additional defect of failure to cite the section or article of the act for the violation of which the defendant was convicted. Nevertheless, since judgments should not be reversed on appeal for defects which in no way prejudice the defendant (*People* v. *Alvarez,* 21 P.R.R. 80, 89), and since this Supreme Court is empowered, in accordance with sections 362 and 364 of the Code of Criminal Procedure, considered in relation to the Act of May 30, 1904, relative to the reversal of judgments in criminal actions by

the Supreme Court, to modify judgments on appeal and to render such judgment as should have been entered, it seems to us that the ends of justice are best served by doing this instead of remanding the case to the lower court for a new trial on the ground of a defect in the judgment which in no way affects the substantial rights of the defendant.

"If, therefore, the failure of the court below to specify in its judgment the exact offense of which the defendant was convicted were the only error apparent upon the record, it would be our plain duty and we would not hesitate to modify the same in so far as necessary to cure the defect and then affirm the judgment as modified." *People* v. *Alvarez, supra.*

Similarly, in the case of *People* v. *Pérez,* 24 P.R.R. 7, it was held that—

"As to the defective framing of the judgment, we will say that it is true that the court merely pronounced the defendant 'guilty of violating the Act relating to weights and measures,' when it should have declared him 'guilty of the violation defined by Paragraph XXI, subdivision (*b*), of the Rules and Regulations for the enforcement of the Law of Weights and Measures of 1913, in relation to section 10 of the said Act and penalized by section 20 thereof'; but it is also true that it is sufficient to consider the judgment in connection with the complaint in order to ascertain the nature of the violation. The cases cited by the *Fiscal* should be considered in connection with the case of *The People* v. *Alvarez,* 21 P.R.R. 80."

For the reasons stated the judgment appealed from must be so modified as to read, in its pertinent part, as follows:

" . . . . This court, on the basis of the evidence, finds the defendant guilty of a violation of section 4 of Act No. 25, approved on July 17, 1935, and sentences him to two months in jail and to the payment of costs."

As so modified, the judgment is affirmed.

Mr. Justice De Jesús took no part in the decision of this case.